FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXJANDRIA D., | No. 1:20-CV-03030-JTR |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 22. Attorney D. James Tree represents Alexjandria D. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 2, 2016, alleging disability since July 2, 2016[1], due to left leg internal derangement, degenerative joint disease of the left knee, osteopenia, and gallbladder surgery. Tr. 94. The applications were denied initially and upon reconsideration. Tr. 165-73, 185-98. Administrative Law Judge (ALJ) Gerald Hill held a hearing on December 12, 2018, Tr. 49-82, and issued an unfavorable decision on January 29, 2019, Tr. 26-41. Plaintiff requested review by the Appeals Council. Tr. 320-21. The Appeals Council denied Plaintiff's request for review on January 18, 2020. Tr. 1-5. The ALJ's January 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 16, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1979 and was 35 years old as of her amended alleged onset date. Tr. 35. She completed the 11th grade and had past work as a window assembler, fast food cook, stock clerk, hotel clerk, and house manager. Tr. 76-77, 885. On January 5, 2015, she was removing Christmas lights from a house when she fell from the ladder and broke her left leg, knee, and ankle. Tr. 519. She underwent multiple surgeries and was rehabilitating in a skilled nursing facility until March 2015. Tr. 521, 543-44, 617, 622, 683. Her injuries progressively healed, until January 2016 when she fell and re-fractured her leg. Tr. 707. She again had to use crutches and other assistive devices to get around. Tr. 709, 829.

---

[1] At the hearing Plaintiff amended her alleged onset date to January 5, 2015. Tr. 52-53. The ALJ listed the amended alleged onset date as January 25, 2015. Tr. 26.

She continued to experience pain and swelling in the leg and ankle in the following years. Tr. 741, 804-06, 808, 948-50, 953.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE FINDINGS**

On January 29, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 28.

At step two, the ALJ determined Plaintiff had the following severe impairments: status post left foot, ankle, and knee fracture; left ankle osteoarthritis; obesity; depression; and anxiety. Tr. 29.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29-32.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> The claimant can stand and walk for two out of eight hours and sit for six out of eight hours. In addition, the claimant cannot operate foot controls with her left foot, but can occasionally balance; crawl; kneel; and crouch; and climb ramps, stairs, ladders, ropes, and scaffolds. The claimant should avoid concentrated exposure to extreme cold, wetness, vibrations, and hazards. The claimant can work in proximity

> to co-workers but cannot work collaboratively with others. The claimant can tolerate occasional superficial interaction with members of the public.

Tr. 32.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a window assembler, fast food cook, stock clerk, or hotel clerk. Tr. 39.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of table worker, touch-up screener, and order clerk. Tr. 40-41.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 41.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's conditions met Listing 1.03; (2) improperly assessing medical opinion evidence; and (3) improperly rejecting Plaintiff's symptom testimony.

## DISCUSSION

**1.    Medical Opinion Evidence**

Plaintiff asserts the ALJ improperly evaluated the medical opinion evidence by offering insufficient reasons for rejecting Dr. Palasi, Dr. Foster, and Dr. Patterson, and failing to fully adopt the state agency reviewing doctors' psychological opinions despite assigning them significant weight. ECF No. 16 at 6-15.

///

When an examining or treating physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

### a. Dr. Palasi

In July 2016, Dr. Myrna Palasi completed a Review of Medical Evidence form for the Washington State Department of Social and Health Services. Tr. 911-12. She opined that Plaintiff continued to be debilitated by chronic pain in her left ankle due to degenerative joint disease of the left foot. Tr. 911. She recommended a "less than sedentary RFC" and a severity rating of 5 for Plaintiff's left foot injury. *Id.*

The ALJ gave this opinion little weight, finding Dr. Palasi admitted the assessment was not supported by the available medical evidence and did not indicate with sufficient specificity the limitations or whether Plaintiff was capable of performing any of the requirements of sedentary work. Tr. 37. The ALJ further found the opinion was inconsistent with Plaintiff's everyday activities. *Id.*

Plaintiff argues the ALJ misinterpreted the form comments about support from the medical evidence, and that Dr. Palasi clearly stated Plaintiff was not capable of performing sedentary work. ECF No. 16 at 14. She additionally argues

1  that none of the activities noted by the ALJ demonstrate any inconsistency with Dr.
2  Palasi's opinion. *Id.* at 14-15. Defendant argues the ALJ reasonably interpreted the
3  form and asserts the Court should reject Plaintiff's speculative interpretation of
4  what the form meant. ECF No. 22 at 18-19. Defendant further argues the opinion is
5  not supported by the evidence, which shows Plaintiff's condition improved, and
6  the ALJ reasonably discredited the opinion as inconsistent with Plaintiff's
7  activities. *Id.* at 19.

8        The Court finds the ALJ failed to offer specific and legitimate reasons for
9  discounting Dr. Palasi's opinion. Dr. Palasi did not state that her opinion was not
10 supported by available medical evidence. The form instructions directed Dr. Palasi
11 to "review the attached medical evidence and answer the following questions
12 regarding the information recorded in the Disability/Incapacity Determination
13 section of the Review of Medical Evidence referral." Tr. 911. Dr. Palasi indicated
14 that the diagnoses included in that referral were supported by the available
15 objective medical evidence, but that the severity and functional limits were not,
16 and instead a "less than sedentary" RFC was appropriate. *Id.* Though the record
17 does not contain the referral form, it is clear from the remainder of Dr. Palasi's
18 form that she was indicating the referral form functional limitations were not
19 supported by the medical evidence, not her own opinion. *Id.* To the extent
20 Defendant asserts Dr. Palasi's opinion is not supported by medical evidence
21 showing improvement as Plaintiff recovered from her impairments, this was not a
22 rationale that was invoked by the ALJ, and thus will not be considered by the
23 Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will
24 "review only the reasons provided by the ALJ in the disability determination and
25 may not affirm the ALJ on a ground upon which he did not rely.").

26       The ALJ's comment regarding Dr. Palasi's failure to indicate "with
27 sufficient specificity the opined limited abilities or whether the claimant is capable
28 of performing any of the requirements of a sedentary exertional level" is likewise

1  not specific and legitimate rationale. Dr. Palasi clearly stated her opinion that
2  Plaintiff was capable of less than sedentary work, and thus was not capable of
3  performing the demands of sedentary work. Notably, the Commissioner does not
4  defend the ALJ's use of this rationale. ECF No. 22 at 18-19.

5  Finally, the activities identified by the ALJ are not inconsistent with Dr.
6  Palasi's opinion. Plaintiff's ability to engage in regular self-care and basic
7  everyday activities is not inconsistent with the opinion that Plaintiff is not capable
8  of performing full-time sedentary work. *See Smolen v. Chater*, 80 F.3d 1273, 1287
9  n.7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be
10 utterly incapacitated to be eligible for benefits, and many home activities may not
11 be easily transferable to a work environment where it might be impossible to rest
12 periodically or take medication."). The ALJ failed to explain how any of the
13 identified activities demonstrate any inconsistency with Dr. Palasi's opinion. On
14 remand, the ALJ will reconsider Dr. Palasi's opinion.

15 **b. Dr. Foster**
16 In May 2016, Plaintiff's treating doctor, Dr. Steven Foster, completed a
17 letter noting Plaintiff was unable to return to work at that time and should be
18 excused from work until cleared by a provider. Tr. 896.
19 The ALJ gave this opinion little weight, noting Dr. Foster did not provide
20 any specific reason for his opinion and did not state how Plaintiff was limited from
21 performing basic work activities. Tr. 38. The ALJ further noted Dr. Foster's
22 opinion was generally inconsistent with Plaintiff's ability to engage in regular self-
23 and household-care, along with other activities. *Id.*
24 Plaintiff argues the ALJ erred, as Dr. Foster's opinion was based on
25 significant experience with Plaintiff and was supported by numerous records. ECF
26 No. 16 at 11-12. She further argues the ALJ failed to explain how any of the noted
27 activities were inconsistent with Dr. Foster's findings. *Id.* at 13. Defendant argues
28 that the letter commented on an issue reserved to the Commissioner and was

therefore not useful, and that the ALJ reasonably discredited the letter for failing to provide any reason for Plaintiff's inability to work or offering any specific limitations. ECF No. 22 at 17.

The Court finds the ALJ did not err. The ALJ reasonably discounted the letter as not including any specific functional limitations or any explanation for Plaintiff's inability to work. 20 C.F.R. § 404.1527(c)(3). The regulations make clear that opinions on the ultimate issue of disability are not due any special significance. 20 C.F.R. § 404.1527(d).

**c. Dr. Patterson**

Plaintiff attended a consultative psychological exam with Dr. Alexander Patterson in November 2016. Tr. 884-89. Dr. Patterson diagnosed Plaintiff with major depressive disorder, panic disorder with agoraphobia, and social phobia. Tr. 887. He offered a guarded prognosis, indicating her symptoms may improve with treatment and medication, but the likelihood of significant improvement over the short term was low due to the chronic and complex nature of her problems. Tr. 888. In terms of functioning, he opined Plaintiff would not have difficulty in several areas of regular work functioning, but would have difficulty interacting with coworkers and the public, completing a normal workday without interruptions from her conditions, and dealing with the usual stress encountered in the workplace. Tr. 888-89.

The ALJ gave this opinion some weight, noting that the RFC was consistent with Dr. Patterson's opinion that Plaintiff could work in proximity to coworkers and tolerate superficial interactions with the public, but to the extent that the opinion was vague or inconsistent with Plaintiff's demonstrated activities, greater weight was being given to the state agency reviewing doctors, whose opinions the ALJ found to be "more consistent with, and better supported by" the evidence. Tr. 39.

///

Plaintiff argues the ALJ failed to explain how any of the listed activities were inconsistent with the opinion, and asserts the opinion is well-supported by the objective observations from the exam. ECF No. 16 at 6-9. Defendant argues the ALJ reasonably discounted the portions of the opinion that were vague and inconsistent with Plaintiff's activities. ECF No. 22 at 19-20.

The Court finds the ALJ did not err, as an opinion's consistency with the record is a relevant factor to consider, and Dr. Patterson's opinion does not clearly establish what functional abilities Plaintiff retained. However, as this claim is being remanded for reconsideration of other evidence, the ALJ shall also reconsider this opinion, along with the rest of the record.

**d. State agency doctors**

State agency doctors Comrie and Covell reviewed Plaintiff's file at the initial and reconsideration stages of adjudication and found moderate mental limitations from her anxiety disorder. Tr. 106-07, 140-41. They opined Plaintiff may have occasional lapses in concentration and attention but, with reasonable breaks, was capable of keeping to a schedule and maintaining regular attendance and completing a normal work week without special accommodations. *Id.* They further stated Plaintiff could work in proximity to coworkers but could not work collaboratively, and could have no more than occasional superficial interaction with the public. *Id.*

The ALJ gave these opinions significant weight, finding them to be generally consistent with the record as a whole, including Plaintiff's minimal treatment for mental health symptoms, the exam findings from Dr. Patterson, and Plaintiff's daily activities. Tr. 38. The ALJ additionally noted Drs. Comrie and Covell had the opportunity to examine Plaintiff's medical records and that the opinions were consistent with the evidence available at the time of their review. *Id.*

Plaintiff argues these opinions indicate a disabling level of limitation, in that "occasional" lapses in concentration and attention indicates Plaintiff would be off-

task or unproductive for up to one-third of the workday, and that the ALJ erred by failing to address that limitation in the decision. ECF No. 16 at 7-8.

The Court finds the ALJ reasonably interpreted the opinion. The sentence immediately following the comment about occasional lapses in concentration and attention makes clear that the doctors felt Plaintiff was capable of maintaining regular work without special accommodations. Tr. 106, 140. Had the doctors felt Plaintiff had a disabling level of mental impairment, the claim would have been allowed at the initial or reconsideration stage. The ALJ's interpretation is supported by substantial evidence, and the ALJ accounted for these opinions in the RFC.

**2.      Step three**

Plaintiff argues the ALJ erred in making inadequate step three findings. Specifically, she asserts the evidence supports finding her conditions meet the severity of Listing 1.02 or 1.03, due to her inability to ambulate effectively following her multiple leg fractures. ECF No. 16 at 3-5.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Listing 1.02A for major dysfunction of a joint requires a showing of

> Gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With . . . [i]nvolvement of one major peripheral weight-

> bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.02A. Listing 1.03 is met when the record shows "Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." *Id.*, §1.03.

> An inability to ambulate effectively is defined as:
>
> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.00B2b.

Plaintiff argues the ALJ erred in failing to discuss Listing 1.03, and argues that both listings are met given the evidence demonstrating Plaintiff's ongoing inability to ambulate effectively. ECF No. 16 at 3-5. Defendant argues Plaintiff only used assistive devices while recovering from injuries, and asserts the record does not demonstrate any continuous 12 month period of an inability to ambulate effectively. ECF No. 22 at 4-6.

The Court finds the ALJ did not err. Following her January 2015 initial injury, Plaintiff had multiple surgeries and was non-weightbearing and using assistive devices for many months during her recovery. Tr. 600, 604, 681. By September 2015 she was doing well overall, and was using a knee brace to increase her feeling of stability, but was not noted to be using any assistive devices. Tr. 716-17, 831. Prior to her second injury in January 2016, she was noted to have

been able to walk several city blocks with only mild discomfort. Tr. 708-09. Following her second fracture in January 2016, she was again non-weightbearing and using crutches, and continued to use a brace and walk with crutches through February 2016. Tr. 708-09, 829. The record contains no mention of any further use of hand-held assistive devices during her recovery, and by August 2016 and in the months following, she was not using any assistive device. Tr. 805, 808, 884.

Because the record does not contain evidence of any continuous 12-month period of Plaintiff being unable to ambulate effectively, the ALJ did not err in his discussion of Listing 1.02 or his failure to discuss Listing 1.03. However, as this claim is being remanded on other bases, the ALJ shall consider any additional evidence submitted and make findings regarding each of the steps of the sequential evaluation process, including Step Three.

**3.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 16 at 15-21.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 33. The ALJ found Plaintiff's allegations to be unsupported by her demonstrated activities, her use of assistive devices that were not medically necessary, regularly presenting in no acute distress, her minimal treatment for her mental health impairments, and the relatively unremarkable findings from the consultative psychological exam. Tr. 35-36.

Plaintiff argues the ALJ erred in failing to indicate what specific testimony was being rejected, and that the ALJ failed to consider the context surrounding many of the factors cited. ECF No. 16 at 15-21. Defendant argues the ALJ reasonably weighed the medical evidence, Plaintiff's minimal treatment, and her activities in disregarding her allegations of disabling pain and mental health symptoms. ECF No. 22 at 6-14.

As this claim is being remanded for reconsideration of the medical evidence, the ALJ shall also reconsider Plaintiff's subjective statements, along with any additionally submitted evidence.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 2, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE